UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LOUIS GREENLEY, | : | **CIVIL NO. 1:10-CV-1018** |
| Petitioner | : | (Judge Caldwell) |
| v. | : | (Magistrate Judge Smyser) |
| GERALD ROZUM, | : | |
| Respondent | : | |

## **REPORT AND RECOMMENDATION**

On May 12, 2010, the petitioner, a state prisoner proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner is Louis Greenley.

On May 13, 2010, by an Order (doc. 4), the petitioner was advised of the decision that he would need to make as to whether to pursue further challenges to his custody in state court. On May 21, 2010, the petitioner elected (**Election Form**, doc. 5) to go forward with this federal habeas corpus petition. After an extension of time had been granted, an answer (doc. 11) to the petition was filed on August 9, 2010 by the District Attorney of Cumberland County on behalf of the respondent. A brief (doc. 12) in opposition to the petition was filed on the same date. The petitioner filed a reply (doc. 18) on October 18, 2010.

The petitioner was convicted in the Court of Common Pleas of Cumberland County on July 21, 1999 of robbery, aggravated assault, simple assault and unlawful possession of a firearm. He was sentenced to a term of imprisonment upon the robbery and aggravated assault convictions of 25 to 50 years. The sentence was based in part upon the finding of the trial court that the petitioner had previously been convicted of two or more crimes of violence and the court's application of 42 Pa. C.S.A. Section 9714(a)(2), providing for a mandatory sentence in a case of a defendant with two or more convictions for prior crimes of violence. The petitioner's habeas corpus claims concern the sentencing court's finding of two prior convictions for crimes of violence and imposition of a mandatory sentence.

The petitioner appealed his conviction and sentence to the Pennsylvania Superior Court. According to the Pennsylvania Superior Court, the petitioner raised the following two issues: 1) whether the Commonwealth should be required to prove a defendant's prior convictions by clear and convincing evidence in order to justify the imposition of a mandatory sentence of 25 years or life, and 2) whether when the court documents presented by the Commonwealth fail to establish the felony gradings of the prior robberies to which the defendant has pleaded guilty, the Commonwealth has proven that the defendant had prior convictions

2

of crimes of violence. On August 7, 2000, the Pennsylvania Superior Court affirmed the judgment of sentence. The petitioner filed a petition for allowance of appeal to the Pennsylvania Supreme Court. The Pennsylvania Supreme Court denied that petition on March 22, 2001. On April 26, 2001, the Pennsylvania Supreme Court denied the petitioner's request for reconsideration.

On January 12, 2007, the petitioner proceeding *pro se* filed a Post Conviction Relief Act (PCRA) petition. Counsel was appointed to represent the petitioner, but appointed counsel subsequently filed a "no-merit" letter and a motion for leave to withdraw. On May 3, 2007, the PCRA court dismissed the petition as untimely and granted appointed counsel's motion for leave to withdraw. The petitioner appealed to the Pennsylvania Superior Court. The Superior Court vacated the PCRA court's dismissal of the PCRA petition and remanded for further proceedings. Counsel was reappointed to represent the petitioner, but appointed counsel again filed a "no-merit" letter. The petitioner then filed an amended PCRA petition, and yet again appointed counsel filed a "no-merit" letter. On January 6, 2009, the PCRA court granted counsel leave to withdraw and denied the PCRA petition. The petitioner appealed to the Pennsylvania Superior Court, and, on October 14, 2009, finding the PCRA petition untimely the Superior Court affirmed the order denying the PCRA petition.

3

The claims that are raised by the petitioner in the present 28 U.S.C. 2254 habeas corpus petition are that his "right to trial by jury and proof beyond a reasonable doubt was violated by 42 Pa. C.S.A. Section 9714" because prior convictions were found by the judge by a preponderance of the evidence standard, that the sentencing judge erroneously miscounted his prior convictions, and that he is actually innocent of the elements giving rise to a mandatory sentence.

The petitioner did not present these claims on direct appeal to the Superior Court. The claims presented there were that the Commonwealth should have been required to prove prior convictions by clear and convincing evidence and that the Commonwealth had failed to establish the felony grading of the prior robberies to which the petitioner had pleaded guilty so as to have proved prior convictions of crimes of violence. The petitioner had not exhausted the claims in the present petition when the petitioner's direct appeal was finally denied on April 26, 2001.

A period of nearly six years then passed before a PCRA petition was filed in January of 2007. The PCRA petition was untimely under state law, 42 Pa. C.S.A. § 9545(b)(1)(i) and (ii), and the trial court and the Superior Court so held. That petition was finally denied on October 14, 2009. The period for a petition

for the allowance of an appeal to the Supreme Court of Pennsylvania expired on November 13, 2009. This petition was brought about six months later. In all, the period of time to be totaled here for purposes of applying the one year statute of limitations under 28 U.S.C. § 2244(d) is more than six years.

> 28 U.S.C. § 2244(d) provides:
>
> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the Untied States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

This petition is accordingly untimely under 28 U.S.C. § 2244(d) and it must be dismissed on that basis.

5

The petitioner asserts that the untimeliness of his petition should be excused on the basis that he is actually innocent of the matters (i.e., two prior crime of violence convictions) that gave rise to his mandatory sentence. *See* Doc. 1, at Ground Three and at ¶ 18. His argument is based upon two factual assertions that are not correct. One is that the sentencing court counted the crimes of August 23, 1991 and August 24, 1991 as two separate strikes. Although the court initially assigned separate one strike status to each of the two, the court ultimately did not count the two as separate strikes. The sentencing court, and also the PCRA court found and explained the court's finding that the two convictions in 1991 that had been based upon two robbery offenses on two consecutive days were together the basis for the finding of a first strike[1] and that the petitioner's conviction in 1994 was the basis for the finding of a second strike.[2]

The petitioner's other incorrect factual statement is that the conviction(s) for his crime(s) of violence in 1994 was vacated. But his cite in his brief (doc. 2, page 4) to an action that was taken upon a July 6, 1995 judgment of sentence (assuming

---

1. Either one alone would have constituted a basis for a first strike finding.

2. Petitioner notes in his reply brief that the sentencing court did refer to the 8/24 robbery as a second strike. But that was a harmless error in that the law requires just two prior strikes before the mandatory kicks in.

6

that this was the sentence in the case that was used in the three strikes sentencing finding in 1999) is a reference to a sentence that was vacated and then reimposed, not to a conviction that was vacated. He also asserts that the July 6, 1995 sentence was for a robbery that was not a crime of violence because there was not a threat of serious bodily injury. The court had a basis, however, to find that there was a threat of serious bodily injury in that robbery, based upon the guilty plea statement of the factual basis of the plea stated by the petitioner in his Memorandum, Doc. 2, page 5.

The petitioner does not show any basis for this court to find that the sentencing court made an error in finding two strikes. He does not show a basis for a finding that he is actually innocent of the elements (two prior strikes) that are the basis for the mandatory sentence that he received.

It is recommended that the petition for a writ of habeas corpus be denied because the petition is untimely.

                                              **/s/ J. Andrew Smyser**
                                              J. Andrew Smyser
                                              Magistrate Judge

Dated: October 29, 2010.